UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROJAE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00495-JPH-CSW |
| | ) |
| CENTURION HEALTH, | ) |
| TEAH, | ) |
| JOHN CARTER, | ) |
| NICKI DAVIS, | ) |
| MELANIE JOHNSON, | ) |
| KELLY WILLIAMS, | ) |
| MCALEAR, | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING AMENDED COMPLAINT AND PROVIDING OPPORTUNITY TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Rojae Brown is a prisoner currently incarcerated at New Castle Correctional Facility. He filed this civil action in state court alleging that the defendants have failed to provide adequate medical care for his ongoing stomach pain, oral sores, dizziness, and other symptoms. After the plaintiff filed an amended complaint in state court, the defendants removed the case to this Court. Because the plaintiff is a "prisoner," this Court has an obligation to screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

1

determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

The amended complaint names seven defendants: Centurion Health (Centurion), Nurse Practitioner Teah, Dr. John Carter, Nurse Nicki Davis, Nurse Melanie Johnson, Nurse Practitioner Kelly Williams, and Health Services Administrator McAlear. The plaintiff alleges that he has submitted numerous health care request forms since August 28, 2022, complaining of stomach pain, oral sores, penile pain, and dizziness. He has only been seen by Dr. Carter once and the rest of the time he was seen by nurses and nurse practitioners. He believes that his conditions require care by a physician, not a nurse or nurse practitioner. He seeks compensatory and punitive damages.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted. First, the complaint contains no factual allegations of misconduct by Centurion. Centurion "cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by [its] employees. [It] can, however, be held liable for unconstitutional … policies or customs." *Simpson v. Brown County*, 860 F.3d 1001, 1005-6 (7th Cir. 2017) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978)). In the absence of any allegations of an unconstitutional policy or custom, Centurion is **dismissed** for failure to state a claim upon which relief may be granted.

Second, all claims against the remaining individual defendants are **dismissed** for failure to state a claim. "For constitutional violations under § 1983 or *Bivens*, a government official is only liable for his or her own misconduct." *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (cleaned up). Thus "[a] damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'"). The complaint makes no factual allegations regarding any defendant other than stating that the plaintiff was treated by Dr. Carter once, and by unnamed nurses and nurse practitioners on other occasions. The fact that he has been treated by these professionals does not violate the Constitution.

"Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). Thus, to state an Eighth Amendment claim against a defendant, the plaintiff must allege facts that support a reasonable inference that the defendant failed to treat a serious medical need.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the amended complaint is subject to dismissal.

### IV. Opportunity to File a Second Amended Complaint

The dismissal of the amended complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through April 18, 2024, to file an amended complaint**.

4

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Any amended complaint should have the proper case number, 1:24-cv-00495-JPH-CSW, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 3/27/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

5

Distribution:

ROJAE BROWN
988991
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Laura K. Binford
RILEY BENNETT EGLOFF LLP
lbinford@rbelaw.com